**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

George Cleveland, III, Appellant.

Appellate Case No. 2023-000163

———————

Appeal From Oconee County
Karen F. Ballenger, Family Court Judge,

———————

Unpublished Opinion No. 2026-UP-102
Submitted February 18, 2026 – Filed March 4, 2026

———————

**AFFIRMED**

———————

George Cleveland, III, of Townville, pro se.

Christopher Laurie Newton, of the South Carolina
Department of Social Services, of Greenville, for
Respondent.

———————

**PER CURIAM:** George Cleveland, III, appeals the family court's denial of his motion to stay enforcement of the court's July 19, 2022 administrative child support order of default and the denial of his Rule 59(e) of the South Carolina Rules of Civil Procedure motion, which sought reconsideration of the denial of the

motion to stay enforcement. On appeal, Cleveland contends the statutory scheme authorizing administrative child support orders of default violates the procedural due process rights provided for under the Fourteenth Amendment of the United States Constitution and Article I, section 3 of the South Carolina Constitution; thus, he contends this court should reverse the July 19, 2022 administrative child support order of default. We affirm pursuant to Rule 220(b)(1), SCACR.

Cleveland served and filed a notice of appeal challenging only the family court's denial of his motion to stay enforcement of the court's July 19, 2022 administrative child support order of default and the family court's denial of his Rule 59(e) motion. He did not appeal the July 19, 2022 administrative child support order of default. Therefore, we hold Cleveland waived any challenge to the July 19, 2022 order. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."). Because Cleveland does not raise any issue challenging the orders on appeal, we affirm.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.